United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIN K. BARNHILL, | No. C-05-4071 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING; SETTING CASE MANAGEMENT CONFERENCE** |
| v. | |
| A.W. CHESTERTON COMPANY, et al., | |
| Defendants | (Docket No. 8) |

    Before the Court is the motion, filed October 12, 2005, by plaintiff Karlin K. Barnhill ("Barnhill") to remand the above-titled action to the Superior Court of California for the City and County of San Francisco ("San Francisco Superior Court"), pursuant to 28 U.S.C. § 1447(c). The motion to remand is made on the ground that complete diversity of the parties did not exist when the case was removed by defendant A.C. Houston Lumber Company ("ACH"). Defendant ACH has filed opposition to the motion, to which Barnhill has filed a reply. Having considered the papers submitted in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the October 28, 2005 hearing. For the reasons set forth below the Court DENIES the motion.

## BACKGROUND

    Barnhill alleges he was exposed to asbestos as a direct and proximate result of the

defendants' conduct, which "caused severe and permanent malignant injuries to [him], including, but not limited to, mesothelioma and other lung damage." (See First Amended Complaint ("FAC") ¶ 12.)

On October 4, 2005, the parties appeared for trial in the San Francisco Superior Court. (See Kaiser Decl. ¶ 3; Kaiser Supp. Decl. ¶ 2.) At that time, the following defendants had not been dismissed from the case: ACH, a Nevada corporation; Certainteed Corporation ("Certainteed"), a Pennsylvania corporation; and two California corporations, Hamilton Materials, Inc. ("Hamilton") and Kaiser Gypsum. (See Jenkins Decl. ¶ 8.) Additionally, Hamilton was a defendant to a cross-complaint asserted by ACH. (See Jenkins Decl. ¶ 13.) Barnhill informed the trial court that he had settled with Hamilton and Kaiser Gypsum, and that Hamilton remained in the case only because of ACH's cross-complaint against Hamilton. (See id. ¶ 8; see Kaiser Supp. Decl. ¶ 2.)

On October 6, 2005, counsel for Certainteed "advised that a resolution had been reached with Plaintiff." (See Jenkins Decl. ¶ 10.) On October 5 or 6, Barnhill cancelled the depositions of the expert witnesses for Hamilton, Kaiser Gypsum, and Certainteed. (See id. ¶ 11.)

On October 7, 2005, Hamilton filed a motion for a determination that its settlement with Barnhill was in good faith. (See id. ¶ 12 and Ex. E.) The motion included a settlement agreement between Barnhill and Hamilton, and a request for dismissal of Barnhill's claims against Hamilton, each of which was signed by Barnhill and/or his counsel. (See id. ¶ 12 and Exs. B and C.)

On that same date, October 7, 2005, ACH dismissed its cross-complaint against Hamilton, (see id. ¶ 13 and Ex. H), and removed the action to federal court on the basis of diversity jurisdiction, stating it was the only remaining defendant in the case, (see Notice of Removal ¶ 1).

In connection with the instant motion, Barnhill concedes that Barnhill and Hamilton had orally agreed to a settlement before the date the case was removed to federal court. (See Kaiser Decl. ¶ 4.) Barnhill's counsel attests, however, that at the time of removal, the

2

1  settlement had not been finalized, and no dismissal had been filed.  (See id. ¶ 4.)  Similarly,
2  Barnhill concedes that Barnhill and Kaiser Gypsum had reached an oral settlement before
3  the case was removed to federal court.  (See id. ¶ 6; see also Kaiser Supp. Decl. ¶ 2.)
4  Barnhill's counsel again attests, however, that at the time of removal, no settlement
5  agreement or release had been signed and Kaiser had not been dismissed from the case.
6  (See Kaiser Decl. ¶ 6.)
7       Barnhill submits no evidence that Certainteed was still a defendant at the time of
8  removal.
9       Barnhill now moves to remand the action on the ground that both Hamilton and
10 Kaiser Gypsum remained in the case at the time of removal, and, consequently, complete
11 diversity among the parties did not exist.

## LEGAL STANDARD

13      "If the case stated by the initial pleading is not removable, a notice of removal may
14 be filed within thirty days after receipt by the defendant, through service or otherwise, of a
15 copy of an amended pleading, motion, order or other paper from which it may first be
16 ascertained that the case is one which is or has become removable, except that a case
17 may not be removed on the basis of [diversity of citizenship] more than 1 year after
18 commencement of the action."  28 U.S.C. § 1446(b).  Where, as here, removal is based on
19 diversity jurisdiction, the action may be removed "only if none of the parties in interest
20 properly joined and served as defendants is a citizen of the State in which such action is
21 brought."  See 28 U.S.C. § 1441(b).
22      Once an action has been removed, "[i]f at any time before final judgment it appears
23 that the district court lacks subject matter jurisdiction, the case shall be remanded."  See
24 28 U.S.C. § 1447(c).  In considering the propriety of removal, a district court must "strictly
25 construe the removal statute against removal jurisdiction," and jurisdiction "must be
26 rejected if there is any doubt as to the right of removal in the first instance."  See Gaus v.
27 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  This "'strong presumption' against removal
28 jurisdiction means that the defendant always has the burden of proving that removal is

proper." See id.

## DISCUSSION

Relying on Mertan v. E.R. Squibb & Sons, Inc., 581 F. Supp. 751 (C.D. Cal. 1980), Barnhill argues removal was improper because, at the time of removal, he had not formally dismissed his claims against Hamilton and Kaiser Gypsum and, thus, complete diversity did not exist at that time. In Mertan, the defendant removed after plaintiffs "orally and in open court" settled with the remaining non-diverse defendant. See Mertan, 581 F. Supp. at 752-53. Because the state court had not entered an order dismissing the non-diverse defendant, the district court held diversity was lacking at the time of removal, noting that under California law and court rules, "the written [d]ismissal is the only effective order the State Court can make or that is legally enforceable." See id. at 753 (citing Cal. Code Civ. Proc. § 581d); see also Sanabria v. Embrey, 111 Cal. App. 4th 422, 425 (2001) ("Entry of dismissal terminates the action against the dismissed defendants.")

As ACH correctly points out, however, the Ninth Circuit has recently found removal appropriate in a case where a non-diverse defendant had not been formally dismissed from the state court action at the time of removal. See Harris v. Bankers Life and Casualty Co., 2005 WL 2456929 at *5 (9th Cir. Oct. 6, 2005). In Harris, the plaintiff, Harris, filed suit in state court against his insurer and an insurance agent; although Harris and the plaintiff were of diverse citizenship, the citizenship of the agent was not alleged in the complaint. See id. at *1. Several months prior to the trial date, the insurer filed a motion to continue the trial because Harris had not yet served or dismissed the agent. See id. at *2. When Harris sent the insurer a letter opposing any effort to continue the trial date, the insurer concluded that Harris had effectively abandoned his claims against the agent, as Harris could not have met the pretrial deadlines if he pursued his claims against the agent. See id. The insurer thereafter wrote Harris a letter, asking whether Harris intended to pursue his claims against the agent, and when Harris did not respond, the insurer filed a notice of removal, contending that the thirty-day time period for removal began to run on the date of Harris's letter opposing a continuance of the trial date. See id. The Ninth Circuit agreed,

4

finding the case became removable "when it became apparent that Harris had abandoned his claims against [the agent]," as "[a]t that point, the complete diversity between the remaining parties first became ascertainable." See id. at *5.  Significantly, the Ninth Circuit did not require formal dismissal of the non-diverse party as a prerequisite to removal.  Indeed, the Ninth Circuit expressly relied on Southern Pacific Co. v. Haight, 126 F.2d 900 (9th Cir. 1942), in which the Ninth Circuit held removal was appropriate at the time the plaintiff announced her intent to proceed to trial without having served the non-diverse defendants, even though the non-diverse defendants had never been formally dismissed from the lawsuit and one of the resident defendants was served the day after removal.  See Harris, 2005 WL 2456929 at *5 (citing Southern Pacific, 126 F.2d at 905); see also Southern Pacific, 126 F.2d at 904 ("[P]laintiff in the instant case having petitioned the court to set the case for trial and having announced that she was ready to proceed with the trial against the Southern Pacific Company, each at a time when only the latter defendant had been brought into court, had abandoned the joint character of her action, and rendered the cause immediately removable to the District Court.")

      Barnhill contends that Harris is distinguishable on two grounds.  First, noting that Harris originated in Montana state court, see Harris, 2005 WL 2456929 at *1, Barnhill argues that Harris does not set forth controlling authority as to when a case first becomes removable from a California state court.  Harris, however, did not rely on Montana law in determining removal was appropriate, but rather relied entirely on Southern Pacific, a Ninth Circuit case that originated in California state court.  See id. at *5.  Southern Pacific likewise did not rely on state law in determining removal was appropriate therein.  See Southern Pacific, 126 F.2d at 905.  Consequently, the fact that Harris originated in Montana state court is not material to the instant analysis.

      Barnhill next argues that Harris is distinguishable because it involves a defendant who was never served, see Harris, 2005 WL 2456929 at *2, rather than a defendant who was served and subsequently settled.  Southern Pacific likewise involves a defendant who was never served.  See Southern Pacific, 126 F.2d at 902.  The Ninth Circuit has held,

however, that the citizenship of defendants who have not been served must be taken into account in determining whether complete diversity exists for purposes of removal. See Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) (holding "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service"); see also Southern Pacific, 126 F.2d at 905 ("[T]he fact of non-service of the resident defendant was not a sufficient ground for removal, and it was therefore not until the plaintiff took some affirmative action to sever the cause of action that the right to remove the cause arose.") In short, nothing in either Harris or Southern Pacific suggests that the results therein would have been different if the non-diverse defendants had been served and settled with the plaintiffs prior to removal.[1]

In light of Harris and Southern Pacific, the Court finds Barnhill's October 4, 2005 statement to the Superior Court that he had settled with Hamilton and Kaiser Gypsum constituted notice that Barnhill had abandoned his claims against those defendants. Similarly, the undisputed settlement with Certainteed, and Barnhill's cancellation of the depositions of Certainteed's expert witnesses, constituted notice that Barnhill was no longer pursuing his claims against Certainteed. Consequently, once ACH dismissed its cross-claim against Hamilton, the only relevant parties to the lawsuit for purposes of removal were Barnhill and ACH. See Harris, 2005 WL 2456929 at *5; see also Southern Pacific, 126 F.2d at 904.[2] It is undisputed that Barnhill and ACH are of diverse citizenship.

---

[1] The Court also notes that the doctrine of fraudulent joinder authorizes removal before a non-diverse defendant has been formally dismissed from the complaint. See, e.g., Morris v. Princess Cruise Lines, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

[2] The court further notes that courts outside the Ninth Circuit have expressly held that removal is appropriate when the plaintiff has settled with all non-diverse defendants, even when those defendants have not yet been dismissed from the case. See, e.g., Chohlis v. Cessna Aircraft Co., 760 F.2d 901, 903 n.2 (8th Cir. 1985) (finding settlement with non-diverse defendant "final enough to support removal"); Martineau v. Arco Chemical Co., 25 F. Supp. 2d 762, 764-65 (S.D. Tex. 1998) (finding notification to court of settlement in principle sufficient to trigger right to removal); Mancari v. AC & S Co., Inc., 683 F. Supp. 91, 93 (D. Del. 1988) (finding settlement with non-diverse defendants sufficient to trigger right to removal; finding no requirement that dismissal of non-diverse defendants "be in writing or formalized"); Lesher v. Andreozzi, 647 F. Supp. 920, 921-22 (M.D. Pa. 1986)

Accordingly, Barnhill's motion to remand the instant action will be denied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand the action is hereby DENIED. In light of both parties' stated interest in having the action promptly set for trial, the parties shall appear for a Case Management Conference on November 4, 2005 at 10:30 a.m. and shall file a joint case management statement no later than Monday, October 31, 2005.

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: October 27, 2005

MAXINE M. CHESNEY
United States District Judge

---

(holding once plaintiff settles with non-diverse defendants, formal order of dismissal of non-diverse defendants "not a prerequisite to removal").